# EXHIBIT D

Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Megan Wendell, State Bar No. 238423
mwendell@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 616-9371
Facsimile: (510) 900-9381

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/26/2025 11:07 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Salcido, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – LONG BEACH DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, a public entity,<br><br>    Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, a Delaware Corporation; and Does 1 through 10,<br><br>    Defendants. | Case No. 25LBCV00133<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR BREACH OF INSURANCE CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; and DECLARATORY RELIEF**<br><br>Complaint Filed: 1/21/2025 |

Defendant LEXINGTON INSURANCE COMPANY ("Lexington" or "Defendant") answers BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY's ("Plaintiff") unverified Complaint ("the Complaint") as follows:

## GENERAL ANSWER AND DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Lexington generally and specifically denies each and every allegation set forth in the Complaint, and each and every cause of action contained therein. Lexington further denies that Plaintiff has sustained or will sustain any damage at all, in any sum, by reason of any act or omission on the part of or imputed to Lexington. Lexington denies that Plaintiff is entitled to any relief whatsoever from Lexington and specifically denies that Plaintiff is entitled to any monetary damages in any amount.

## AFFIRMATIVE DEFENSES

Unless otherwise specifically provided herein, Lexington raises each of the following affirmative defenses to each and every cause of action asserted against it and to each of the acts and/or omissions with which Lexington is charged in the Complaint. By setting forth these additional affirmative defenses, Lexington does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

### (No Claim for Relief)

For a first defense, Lexington alleges that Plaintiff's Complaint, and each and every purported cause of action asserted therein fails to state facts sufficient to constitute any cause of action or a claim for relief against Lexington.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

For a second defense, Lexington is informed and believes, and on that basis alleges, that Plaintiff's claims are barred to the extent that the doctrines of waiver and/or estoppel apply.

## THIRD AFFIRMATIVE DEFENSE

### (Other Insurance)

For a third defense, Lexington alleges that to the extent that Plaintiff's loss or damages may have been paid for, in whole or in part, by other insurance, that payment reduces any recovery by Plaintiff against Lexington in the amount of that payment, including but not limited to by operation of the "Other Insurance" provisions of Lexington's Policy, set forth below:

\*\*\*

SECTION IV

GENERAL CONDITIONS

\*\*\*

R.  OTHER INSURANCE

Permission is hereby granted to the Named Insured to carry more specific insurance on any property covered under this Policy.  This Policy shall not attach or become insurance upon any property which at the time of loss is more specifically described and covered under any other policy form until the liability of such other insurance has first been exhausted and shall then cover only the excess of value of such property over and above the amount payable under such other insurance, whether collectible or not.  This Policy, subject to its conditions and limitations, shall attach and become insurance upon such property as respects any peril not covered by such other insurance and not otherwise excluded therein.

\*\*\*

## FOURTH AFFIRMATIVE DEFENSE

### (Policy's Conditions, Exclusions, and Limitations)

For a fourth defense, Lexington alleges that the Complaint, the claims, and the recovery sought therein, are barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in Policy number 011660459/03, effective July 1, 2016, through July 1, 2017 ("Policy") issued by Lexington.  This affirmative defense incorporates the entirety of the Policy issued by Lexington, including but not limited to the following:

\*\*\*
SECTION II

PROPERTY DAMAGE

\*\*\*

C. PROPERTY NOT COVERED

\*\*\*
3. Land (including land on which covered property is located), and land value (except athletic fields, landscaping, sand traps, tees and greens).

\*\*\*

## FIFTH AFFIRMATIVE DEFENSE

### (Offset)

For a fifth defense, Lexington alleges that Plaintiff's recovery shall be barred or diminished to any extent Lexington is entitled to offsets from any collateral source, including but not limited to offsets arising from Plaintiff's recovery from other persons, entities and/or parties.

/ / /

/ / /

### SIXTH AFFIRMATIVE DEFENSE

### (Claims Are Time-Barred)

For a sixth defense, to the extent applicable, Lexington alleges that Plaintiff's claims and the recovery sought therein, are time-barred, in whole or in part, by applicable statutes of limitations and/or by the terms, conditions, definitions, limitations and exclusions of the Policy, including but not limited to:

\*\*\*

SECTION IV

GENERAL CONDITIONS

\*\*\*
W.  SUIT AGAINST COMPANY

No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the Named Insured shall have complied with all the requirements of this Policy, nor unless this suit is commenced within twelve (12) months after the date that the Company has made its final offer of settlement or denial of the loss.  However, that if under the laws of the jurisdiction in which the property is located such limitation is invalid, then any such claims shall be void unless such action, suit or proceedings be commenced within the shortest limit of time permitted by the laws of such jurisdiction.

\*\*\*

### SEVENTH AFFIRMATIVE DEFENSE

### (Rights Protected by the Constitution)

For a seventh defense, Lexington alleges that the imposition of punitive or exemplary damages against Lexington would constitute a denial of Lexington's rights under the United States Constitution and the California Constitution, including, but not limited to, the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 7, and Article IV, Section 16 of the California Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

### (Right to Amend or Supplement)

For an eighth defense, Lexington alleges that Plaintiff has failed to set forth its claims with

sufficient particularity to permit Lexington to raise all appropriate defenses, and therefore, Lexington reserves the right to seek leave of court to amend and supplement this Answer, including these Defenses, to specify further grounds for denying all of the causes of action that Plaintiff alleges against Lexington and rejecting any and all claims that are the subject of those causes of action.

### NINTH AFFIRMATIVE DEFENSE

#### (Reservation of Currently Unknown Defenses Pending Discovery)

For a ninth defense, Lexington specifically reserves the right to assert any and all affirmative defenses or affirmative claims against Plaintiff, or others, in the event that discovery in this matter indicates that such additional defenses and/or claims may be applicable.

### PRAYER FOR RELIEF

WHEREFORE, Lexington prays for judgment as follows:

1. That Plaintiff take nothing by reason of its complaint;
2. That judgment be entered in favor of Lexington;
3. That Lexington be awarded its costs of suit; and
4. That the Court grant such other and further relief as it may deem just and proper.

Dated: February 26, 2025

MOUND COTTON WOLLAN & GREENGRASS LLP

By: _____
Jonathan Gross
Megan Wendell
Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Alameda, City of Emeryville, California. I am over the age of eighteen years and not a party to the within action. My business address is Mound Cotton Wollan & Greengrass LLP, 2200 Powell Street, Suite 1050, Emeryville, California 94608.

I am familiar with Mound Cotton Wollan & Greengrass LLP's practice whereby each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon, and the sealed envelope is placed in the office mail receptacle. Each day the mail is collected and deposited in a United States Postal mailbox at or before the closed of business each day.

On the date below-written, I served the following document(s):

**DEFENDANT'S ANSWER TO COMPLAINT FOR BREACH OF INSURANCE CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; and DECLARATORY RELIEF**

( X )  (BY REGULAR MAIL) By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the designated area for outgoing mail at Emeryville, California, addressed as set forth below:

( X )  (BY EMAIL OR ELECTRONIC TRANSMISSION): I caused a true copy of the document(s) described to be served by electronic mail to the addressee(s) set forth below from email address kmcandrews@moundcotton.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Debra Steel Sturmer
Sara P. Douglass
LERCH STURMER LLP
One Sansome Street, Suite 740
San Francisco, California 94104
dsturmer@lerchsturmer.com
sdouglass@lerchsturmer.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on February 26, 2025, at Walnut Creek, California.

_____
Kelly McAndrews