Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Megan Wendell, State Bar No. 238423
mwendell@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371
Facsimile: (510) 900-9381

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

Jerome N. Lerch, State Bar No. 48194
jlerch@lerchsturmer.com
LERCH STURMER LLP
One Sansome Street, Suite 740
San Francisco, California 94104
Telephone: (415) 217-6341

Attorneys for Plaintiff
BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, a California public entity,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, a Delaware Corporation,<br><br>Defendants. | Case No.: 2:25-CV-01754-GW-MAR<br><br>**RULE 26(f) JOINT STATUS CONFERENCE STATEMENT**<br><br>Hearing Date: June 5, 2025<br>Time: 8:30 a.m.<br>Dept: Courtroom 9D<br><br>Complaint Filed: January 21, 2025 |

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(f) and the Case Management Order issued by this Court on March 8, 2025, Plaintiff BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, a California public entity, and Defendant LEXINGTON INSURANCE COMPANY hereby submit the following report.

Plaintiff BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, a California Public Entity ("Plaintiff") is represented by Jerome N. Lerch of Lerch Sturmer LLP.

Defendant LEXINGTON INSURANCE COMPANY ("Defendant") is represented by Jonathan Gross and Megan Wendell of Mound, Cotton, Wollan & Greengrass, LLP.

In accordance with Rule 26(f), the parties participated in a conference on May 22, 2025, to meet and confer on the issues addressed in this report and a discovery plan, and jointly submit this report.

**1. Plaintiff's Brief Summary of Claims and Legal Theories**

Plaintiff filed a breach of contract claim against Lexington Insurance Company seeking damages and declaratory relief based on Lexington's denial of an insurance claim for damage to the real property known as the Fremont Dormitory on the Cal Poly campus of California State University, San Luis Obispo, California. On February 18, 2017, during and following an atmospheric weather event, it was observed that the hillside behind the Freemont Dormitory was moving and showed cracking.  By February 20, 2017, the Dormitory was declared to be unsafe, and students residing at the Dormitory were evacuated.  The slide continued to move and made contact with the structure causing damage.  The Insured submitted a claim for Property Damage, Remediation and Business Interruption. Preliminary repairs and temporary efforts to arrest the slide were undertaken.  However, the only permanent means to repair the damage to Freemont Hall and to restore it to its prior function as a dormitory was to undertake a permanent stabilization of the hillside.

The Lexington Insurance Policy, subject to all of its terms, conditions and exclusions insures the real and personal property comprising Freemont Dormitory against all risk of direct physical loss or damage occurring during the period of the Policy. Landslides are not excluded from this coverage under the exclusions following the Perils Covered.

The Plaintiff's Legal Theories are based upon established decisional law stating that insuring a structure, building, or dwelling against loss or damage exposes the insurer to the risk that ongoing land instability may have to be corrected in order to render the structure safe for occupancy. The risk of direct physical loss or damage occurring to the Dormitory here was not stabilized until the hill was permanently stabilized.  Therefore, it is asserted that the cost to stabilize the hill must be covered against all risk of direct physical loss or damage to the Freemont

Dormitory.

The Plaintiff is not making a claim for damage to land under "Property Not Covered" in the Policy. Rather, the Plaintiff is seeking coverage for all damages caused to the Real Property known as the Freemont Dormitory.

The Dormitory was rendered unsafe as a result of the landslide; to render it safe, the building had to be repaired at a cost of approximately $2,137,647; the hill had to be temporarily stabilized at a cost of approximately $1,710,429; and the hill had to be permanently stabilized at a cost of approximately $15,501,033. In addition, damages for business interruption will be submitted at trial.

To Date Lexington has paid approximately $395,400 toward repairs to the structure; $784,665 toward temporary stabilization; $0 toward permanent stabilization; and $238,374 toward business interruption.

**2.   Defendant's Brief Summary of Claims and Legal Theories**

The parties agree that on February 18, 2017, a landslide occurred on a hillside at the campus of California Polytechnic University, San Luis Obispo ("Cal Poly"), which damaged Cal Poly's Fremont Hall student dormitory. Defendant believes that it paid all covered insurance benefits for repair of damage to Fremont Hall, the stabilization of the hillside and related loss of business income. Plaintiff's Brief Summary of Claims contains new information concerning these alleged damages and losses which will have to be confirmed through discovery.

The primary coverage dispute driving this lawsuit concerns the cost to permanently stabilize the hillside which Plaintiff had advised will cost $20 million. The cost to permanently stabilize the hillside is a cost to repair or remediate land, not a cost to repair the structure of Fremont Hall. Defendant's insurance policy excludes coverage for "Land (including land on which covered property is located), and land value (except athletic fields, landscaping, sand traps, tees and greens)." Defendant expects to establish an undisputed factual record through discovery upon which a legal coverage question for the permanent remediation of the hillside can be presented to the Court through a motion for partial summary judgment.

///

**3. Service of Process/Joinder/Amendments**

All parties have been served and have appeared in this action. No additional parties are expected to be joined. No amendments to the pleading are anticipated.

**4. Jurisdiction and Venue**

Jurisdiction: 28 U.S.C. § 1332(a)(1). Plaintiff is a California public entity having its principal place of business in Los Angeles County. Defendant is a Delaware corporation having its principal place of business in the State of New York.

Venue: 28 U.S.C. § 1391(a)(2).

**5. Anticipated Motions**

The parties have agreed that Defendant will file a motion for summary judgment on the application of the "land" exclusion in its Policy to Plaintiff's claim seeking repairs to the hillside.

**6. Discovery**

The parties will provide Initial Disclosures in accordance with Rule 26(f). The parties have agreed to undertake discovery (document requests and potentially interrogatories and depositions) focused toward a motion for summary judgment on the coverage issue. The parties do not anticipate any discovery issues or any need for special discovery orders or conferences at this time.

**7. Further Proceedings and Timetable:**

The parties anticipate they will have completed all necessary discovery regarding coverage issues which will be the subject of the summary judgment motion and that Defendant will be able to file its motion for summary judgment by the end of 2025. After the Court rules on the summary judgment motion, assuming a dispute continues to exist among the parties, the parties agree to attend and have mediation hopefully completed by the end of April 2026. The Parties will report to the Court if mediation is successful. If unsuccessful, the Parties will then request that the Court set a further case management conference for the purposes of setting a date for trial.

**8. Settlement/ADR**

The parties believe that mediation will be productive once the Court rules on Defendant's motion for summary judgment on the coverage issue.

///

The parties do not object to participating in Court's Voluntary Dispute Resolution Program but decline a referral to mediation at this time because the case is not yet ready to be mediated. Also, it is likely the parties will elect to undertake private mediation.

The parties are satisfied to have the Court issue a Status (Pretrial Scheduling) Order based on this Joint Status Report.

Dated: June 2, 2025                    MOUND COTTON WOLLAN & GREENGRASS LLP

By: <u>/s/ per authorization given by M. Wendell 6/2/25</u>
Jonathan Gross
Megan Wendell
Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

Dated: June 2, 2025                    LERCH STURMER LLP

By: *Jerome N. Lerch*
Jerome N. Lerch
Attorneys for Plaintiff, BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, a public entity

**DECLARATION OF SERVICE**

I am a citizen of the United States, I am over the age of eighteen years and not a party to the within cause; I am employed in the City and County of San Francisco, California and my business address is One Sansome Street, Suite 740, San Francisco, California 94104.  My electronic service address is rvernola@lerchsturmer.com.  On this date, I served the following document(s):

**RULE 26(f) JOINT STATUS CONFERENCE STATEMENT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelope(s) addressed as shown below by the following means of service:

____:   By First Class Mail -- I placed the sealed envelope(s), with first class postage thereon, for collection and processing for mailing, following this business's usual practices, with which I am readily familiar.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

___:   By Overnight Courier -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee(s) on the next business day.

√   :   By E-mail -- I electronically served each party at the email addresses shown on this declaration.

Jonathan Gross, Esq.
Megan Wendell, Esq.
MOUND, COTTON, WOLLAN & GREENGRASS LLP
2200 Powell St., Ste. 1050
Emeryville, CA 94608
Tel: 510-616-9371
Email: jgross@moundcotton.com
          mwendell@moundcotton.com
Kelly McAndrews: KMcandrews@moundcotton.com
Attorneys for Lexington Ins. Company

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on  June 2, 2025 at Pleasant Hill, California.

  Rosemarie Vernola                                             *Rosemarie Vernola*
  (type/print name)                                                  (signature)